PAUL J. ANDRE (Bar No. 196585)
LISA KOBIALKA (Bar No. 191404)
JAMES HANNAH (Bar No. 237978)
VIOLAINE BRUNET (Bar No. 305609)
KRAMER LEVIN NAFTALIS & FRANKEL LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
vbrunet@kramerkevin.com

Attorneys for Defendant
TetraMem, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| XIAOHUA HUANG<br><br>Plaintiff,<br><br>v.<br><br>TETRAMEM, INC.,<br><br>Defendant. | Case No. 5:23-cv-04936-SVK<br><br>**DEFENDANT TETRAMEM, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF XIAOHUA HUANG'S COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)**<br><br>Date: December 12, 2023<br>Time: 10:00 a.m.<br>Ctrm.: 6, 4th Floor<br>Before: Hon. Susan van Keulen |

# NOTICE OF MOTION AND MOTION

TO PLAINTIFF XIAOHUA HUANG:

NOTICE IS HEREBY GIVEN that, on December 12, 2023, at 10:00 am, or as soon thereafter as counsel may be heard, in Courtroom 6, 4th Floor before the Honorable Susan van Keulen of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, CA 95113, San Jose, California, Defendant TetraMem Inc. ("TetraMem") will, and hereby does, move this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing all claims against TetraMem that Plaintiff Xiaohua Huang asserts in his Complaint. Dkt. No. 1. Plaintiff's allegations do not satisfy the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure and thus fail to state any plausible claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This motion is supported by this Notice of Motion, the following Memorandum of Points and Authorities, the files, records, and pleadings in this action, any arguments presented at the time of the hearing on this motion, and all matters of which the Court may take judicial notice.

# STATEMENT OF RELIEF REQUESTED

Defendant TetraMem, Inc. ("TetraMem") moves this Court for an order to dismiss the patent infringement cause of action against TetraMem for failure to state plausible claims for which relief may be available under Rules 8(a)(2) and 12(b)(6) of Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Although this motion is not based on the deficiency of a Summons, it is worth noting that Plaintiff filed one which does not comply with Rule 4(a) of Fed. R. Civ. P. It is important to raise this mistake as it is illustrative of Plaintiff's conduct. Despite his long history of filing patent infringement complaints throughout the country, Plaintiff keeps filing numerous frivolous patent infringement complaint without regard for compliance with the Federal Rules of Civil Procedure.

## I. INTRODUCTION

Plaintiff Xiaohua Huang's Complaint (the "Complaint") comes nowhere close to the pleading standard required by *Iqbal-Twombly* because of its conclusory assertions of patent infringement. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009).

DEF.'S MOTION TO DISMISS COMPLAINT

Case No. 5:23-cv-04936-SVK

The Complaint entirely fails to provide (1) a fair notice of patent infringement claims to TetraMem pursuant to Rule 8(a)(2) of Fed. R. Civ. P. and (2) sufficient facts in support of each element of direct infringement (either literally or under the doctrine of equivalents), induced infringement and contributory infringement claims under Rule 12(b)(6) of Fed. R. Civ. P.

Plaintiff is not a typical *pro se* party because Plaintiff has filed a number of patent infringement cases over the years and should know by now how to file an adequate patent infringement case. For instance, in *Xiaohua Huang* v. *Genesis Global Hardware, Inc.*, in footnote 5, the Court "note[d] other patent cases plaintiff ha[d] brought as a *pro se* litigant, which include citations to plaintiff's history of vexatious conduct and inability to follow the federal and local rules of court—despite being given multiple opportunities to do so." *Xiaohua Huang* v. *Genesis Glob. Hardware, Inc.*, No. 2:20-cv-1713-JAM-KJN, Dkt. No. 33 at 7 n.5 (E.D. Cal. Dec. 15, 2020). *See* Exhibit A to Defendant's Request for Judicial Notice ("RJN"); *see also id.*, Exhibits B-D to RJN.

For these reasons, TetraMem's motion to dismiss with prejudice should be granted, pursuant to Rule 12(b)(6) of Fed. R. Civ. P.

## II. STATEMENT OF ISSUES TO BE DECIDED

Whether the Court should dismiss Plaintiff's Complaint because his conclusory assertions of patent infringement do not meet the requisite pleading standards.

## III. STATEMENT OF FACTS

On September 26, 2023, Plaintiff Xiaohua Huang ("Plaintiff") filed a complaint (the "Complaint") for patent infringement against TetraMem. Dkt. No. 1. Thereafter, on September 27, 2023, a Summons was filed, which mistakenly was issued from the Middle District of Florida. Dkt. No. 3.

Similar to the mistake in the Summons, the Complaint is woefully deficient. As it can be seen from the example below, in a single Count, Plaintiff combines multiple types of patent infringement altogether, to wit, direct, induced, and contributory infringement of the U.S. Patent No. RE45,259 (defined by the Complaint as the "'RE259 patent"). Dkt. No. 1 at ¶¶ 1, 9. For instance, the Complaint alleges in relevant part:

- COUNT I: INFRINGEMENT OF U.S. PATENT NO. RE45359:

    **Defendant TetraMem's** acts of infringement, inducing infringement have caused damage to Xiaohua Huang, and Xiaohua Huang is entitled to recover from Defendant for the damages sustained by Xiaohua Huang as a result of Defendant's wrongful acts in an amount subject to proof at trial. Defendant's infringement of Xiaohua Huang exclusive rights under the 'RE259 patent will continue to damage Xiaohua Huang, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court. Defendant's infringement entitle[s] Xiaohua Huang to recover damages under 35 U.S.C. §284 and to legal fees and costs incurred in prosecuting this action under 35 U.S.C. §285.

*Id.* at ¶ 12 (emphasis added).

Further, Plaintiff does not cite any elements of each of his causes of action with supporting facts. For instance, in paragraph 11 of the Complaint, Plaintiff alleges that:

> On information and belief, Defendant TetraMem has induced its Customers to have infringed and continue **to infringe directly, indirectly, literally, [under the] Doctrine of Equivalent[s]** the claim 29 of 'RE259 patent by using the devices which infringes the claim 29 of 'RE259 patent. The Customers of the Defendant uses the function of reading and writing data and information which contains the circuit and logic reading the claim 29 of the 'RE259 patent. The using of function of reading and writing data and information in accused devices are completely not a staple article or commodity of commerce suitable for substantial non-infringing use.

*Id.* at ¶ 11 (emphasis added).

This paragraph is an illustration of Plaintiff's Complaint by showing that Plaintiff simply makes conclusory statements without any factual support. Entirely missing from Plaintiff's allegations is an identification of what specifically infringes Plaintiff's products, and how TetraMem allegedly infringes. As a result, TetraMem has not been given appropriate notice of what is being alleged against it, and thus, cannot defend itself effectively.

These defects in the Complaint are fatal and therefore, warrant dismissal of Plaintiff's claims with prejudice against TetraMem under Rule 12(b)(6) of Fed. R. Civ. P.

Indeed, what sets this case apart is that Plaintiff is not an average *pro se*. What is particular in this case is Plaintiff's extensive patent infringement litigation experience. Given that, Plaintiff should

be held to a higher standard than a novice *pro se* party or at least being able to file an adequate patent infringement complaint, which is definitely not the case here.

## IV. ARGUMENT

### 1. TetraMem's Motion to Dismiss Should be Granted because Plaintiff Fails to State a Claim of Patent Infringement against TetraMem under Rules 8(a)(2) and 12(b)(6) of Fed. R. Civ. P.

Plaintiff's claims of patent infringement against TetraMem fail to provide fair notice of his claims to TetraMem, as required by Rule 8(a)(2) of Fed. R. Civ. P., and as such, should be dismissed under Rule 12(b)(6) of Fed. R. Civ. P. The Complaint should be dismissed with prejudice considering Plaintiff's extensive patent infringement litigation history.

The Supreme Court held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' [under Rule 8(a)] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. It also cautioned that "[t]hreadbare recitals of the elements of a cause of action" and "mere conclusory statements" are "not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 678-79.

As such, in order to survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. And, a claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Here, as a threshold matter, the Complaint does not "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *See Sliding Door Co. v. KLS Doors, LLC*, No. EDCV 13-00196 JGB, 2013 WL 2090298, at *3 (C.D. Cal. May 1, 2013) (quoting *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011)). Plaintiff simply made conclusory statements and does not give fair notice to TetraMem of what the claims are and the grounds upon which they rest. *Conley* v. *Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Twombly on other grounds*. For example, entirely missing from Plaintiff's allegations is an identification of what allegedly

infringes Plaintiff's product, and how TetraMem's accused products (which are unspecified in detail) allegedly infringe Plaintiff's products. In sum, the Complaint includes infringement allegations for the 'RE259 patent but does not include any factual allegations showing so.

### A. Plaintiff Fails to Plead Direct Infringement

The Court should dismiss Plaintiff's claims of direct infringement against TetraMem because it fails to satisfy the *Iqbal/Twombly* standard. "[T]o properly plead direct infringement under *Twombly* and *Iqbal,* a plaintiff must plausibly allege that a defendant directly infringes each limitation in at least one asserted claim." *Scripps Rsch. Inst. v. Illumina, Inc.,* No. 16-cv-661 JLS (BGS), 2016 WL 6834024, at *5 (S.D. Cal. Nov. 21, 2016). This is simply not the case here.

Here, the Complaint merely identifies claim 29 of the 'RE259 patent, attaches a copy of said patent, and generally states that "products made by Defendant TetraMem, including **but not limited to ReRAM IP and chips**, contains the IC with the function which read the claim 29 of US patent 'RE45259." Dkt. No. 1, ¶ 7 (emphasis added). This general identification of "products made by Defendant TetraMem" is insufficient to provide notice of which TetraMem's products are at issue, and why any of its ReRAM IP and chips would be *at issue* in this case, as there are no allegations of how these products meet each element of any claim of the asserted patent.

Images or documents pertaining to the alleged accused product(s) are also entirely missing from the Complaint, such that there is no way to determine what products are in contention.

Second, the Complaint fails to provide any factual allegations regarding how, if at all, the accused products ("including but not limited to ReRAM IP and chips") meet all the claim 29 elements of the 'RE259 patent. At no point does the Complaint recited the claim elements of claim 29. *See generally* Dkt. No. 1; *id*. at ¶ 7. In short, the Complaint fails to state a claim by failing to map a claim limitation or providing "sufficient factual allegations regarding how an accused product meets each of a claim's limitations." *Document Sec. Sys., Inc. v. Everlight Elecs. Co.,* No. CV 17-04273 JVS, 2017 WL 10545081, at *2 (N.D. Cal. Nov. 16, 2017) ("[A]t [the motion to dismiss] stage, a plaintiff only needs to provide sufficient factual allegations regarding how an accused product meets each of a claim's limitations."); *Novitaz, Inc. v. inMarket Media, LLC,* No. 16-cv-06795-EJD, 2017 WL 2311407, at *3

(N.D. Cal. May 26, 2017) (reasoning that "formal charting of patent claim elements against each accused product is [not] always necessary" if the court may "infer that it is 'plausible' that every element of a patent claim is satisfied by an accused product").

Additionally, the Complaint fails to state a plausible claim of infringement under the doctrine of equivalents because again it lacks the plausibility and particularized facts required to state a claim under the *Iqbal/Twombly* standard. *See Document Sec. Sys.*, 2017 WL 10545081, at *2 ("under the doctrine of equivalents, a claim for direct infringement must be applied to individual elements of the claim, not to the invention as a whole.") (citations and internal quotation marks omitted).

Also, although the Complaint mentions "the doctrine of equivalents," it fails to identify any allegedly equivalent within TetraMem's device, which would correspond to an element described in the 'RE4529 patent. Thus, the doctrine of equivalents claim raised in the Complaint should be dismissed for failing to meet the standard set forth in *Iqbal/Twombly*.

The Complaint's direct infringement allegations (either literally or under the doctrine of equivalents) fail to "give the defendant fair notice what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. As such, Plaintiff's Complaint should be dismissed.

### B. Plaintiff Fails to Plead Induced Infringement

As shown in the above section, Plaintiff did not plead direct infringement. As a result, the Complaint could not have pleaded indirect infringement.

As a threshold matter, induced infringement is predicated on the existence of direct infringement. *See Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement . . . .").

Also, the Complaint fails again to provide sufficient facts in support of Plaintiff's induced infringement claim from which the Court could plausibly infer TetraMem's knowledge. In particular, to plead induced infringement, plaintiff must show that "the alleged inducer (1) **knew** of the patent, (2) **knowingly** induced the infringing acts, and (3) possessed **a specific intent** to encourage another's

infringement of the patent." *Vita–Mix Corp. v. Basic Holding, Inc.,* 581 F.3d 1317, 1328 (Fed. Cir. 2009) (citing *DSU Med. Corp. v. JMS Co.,* 471 F.3d 1293, 1304 (Fed. Cir. 2006) (emphasis added).

Here, as previously mentioned, the Complaint generally alleges that "Defendant TetraMem has induced its Customers to have infringed . . . by using the devices which infringes the claim 29 of 'RE259 patent" and the "[c]ustomers of the Defendant uses the function of reading and writing data and information which contains the circuit and logic reading the claim 29 of the 'RE259 patent. Dkt. No. 1, ¶¶ 11, 12. It is wholly unfair for TetraMem to try and intuit what is being alleged against it. Simply put, the Complaint alleges no facts from which it could be plausibly inferred that any of the three required knowledge (cited above) elements are met.

For these above-mentioned reasons, Plaintiff has not pleaded induced infringement because the Complaint is devoid of facts that TetraMem had knowledge of the three required knowledge elements, including (1) knowledge of the asserted patent, (2) the specific intent to induce infringement, and (3) when TetraMem performed the act allegedly causing inducement. Therefore, Plaintiff's Complaint should be dismissed.

**C.    Plaintiff Fails to Plead Contributory Infringement**

With respect to Plaintiff's contributory infringement claim against TetraMem, Plaintiff's Complaint contains the same deficiencies as discussed in the prior sections. It is also conclusory and devoid of supporting facts. Again, Plaintiff failed to provide sufficient facts showing that TetraMem had the knowledge of the 'RE259 patent or knowledge of the alleged 'RE259 patent infringement.

Further, as discussed above, like induced infringement, contributory infringement is predicated on the existence of direct infringement. *See Dynacore Holdings*, 363 F.3d at 1272. As such, the contributory infringement claim should be dismissed as the Complaint has not pled direct infringement under 35 U.S.C. § 271(a).

That being said, the Complaint also fails to meet its obligation to plead indirect infringement under 35 U.S.C. § 271(c). To establish contributory infringement claims of a patent, plaintiff must establish four elements: (1) defendant sold a component or material for use in practicing the patented

process; (2) the component or material constitutes a material part of the invention; (3) defendant **knew** that the item it sold was especially made or adapted for use in infringing the patented method; and (4) the item sold is not a staple article or commodity of commerce suitable for substantial noninfringing use. 35 U.S.C. § 271(c); *Sandisk Corp. v. Lexar Media, Inc.,* 91 F. Supp. 2d 1327, 1331 (N.D. Cal. 2000).

The only possible statement in the Complaint that might relate to contributory infringement claim is the following conclusory statement: "[t]he using of function of reading and writing data and information in accused devices are completely not a staple article or commodity of commerce suitable for substantial non-infringing use." Dkt. No. 1, ¶ 11. However, nothing in Plaintiff's Complaint pertains to the elements required to prove a contributory cause of action. In particular, the Complaint failed to provide sufficient facts showing that TetraMem had the knowledge of the 'RE259 patent or the alleged infringing nature of its acts. As such, Plaintiff's contributory infringement claim should be dismissed as well since the allegations of the Complaint do not raise a plausible inference of contributory infringement.

### 2. Plaintiff's Summons is Defective

A defect in the form of the summons results from "noncompliance with the provision of [Fed. R. Civ. Pro] 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." *Ballon v. Law Offices of Robin W. Enos*, No. 06CV0074 IEG (WMc), 2006 WL 8455278, at *2 (S.D. Cal. Dec. 6, 2006) (citations and quotation marks omitted).

Here, the summons issued by the Middle District of Florida does not comply with Rule 4 of Fed. R. Civ. P. The latter provides that a summons **must** include, *inter alia*, the (proper) name of the court. Dkt. No. 3. This is simply common sense.

It is worth noting this deficiency because it exemplifies Plaintiff's intent, which is to file as many patent infringements claims and observe which ones gain traction. It also shows either Plaintiff's lack of care or inability to follow the federal rules of court despite his extensive experience in filing patent infringement complaints. Simply put, Plaintiff is a serial filer of patent infringement cases, who

faced numerous motions to dismiss and should know very well by now what should have been included in his Complaint. That is why Plaintiff's Complaint should be dismissed with prejudice.

## V. CONCLUSION

For the foregoing reasons, TetraMem respectfully requests that the Court dismiss the Complaint against TetraMem in its entirety pursuant to Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

Dated: November 1, 2023

By: /s/ James Hannah
Paul J. Andre (Bar No. 196585)
Lisa Kobialka (Bar No. 191404)
James Hannah (Bar No. 237978)
Violaine Brunet (Bar No. 305609)
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
vbrunet@kramerlevin.com

*Attorneys for Defendant*
TetraMem, Inc.