PAUL J. ANDRE (Bar No. 196585)
LISA KOBIALKA (Bar No. 191404)
JAMES HANNAH (Bar No. 237978)
VIOLAINE BRUNET (Bar No. 305609)
KRAMER LEVIN NAFTALIS & FRANKEL LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
vbrunet@kramerkevin.com

Attorneys for Defendant
TetraMem, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| XIAOHUA HUANG,<br><br>　　　　　Plaintiff,<br>　v.<br>TETRAMEM, INC.,<br>　　　　　Defendant. | Case No. 5:23-cv-04936-SVK<br><br>**DEFENDANT TETRAMEM, INC.'S NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS UNDER 35 U.S.C. § 285**<br><br>Date:　December 12, 2023<br>Time:　10:00 a.m.<br>Ctrm.:　6, 4th Floor<br>Before:　Hon. Susan van Keulen |

.

# NOTICE OF MOTION AND MOTION

TO PLAINTIFF XIAOHUA HUANG:

NOTICE IS HEREBY GIVEN that, on December 12, 2023, at 10:00 am, or as soon thereafter as counsel may be heard, in Courtroom 6, 4th Floor before the Honorable Susan van Keulen of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, CA 95113, San Jose, California, Defendant TetraMem Inc. ("TetraMem") will, and hereby does, move this Court for an order granting his Motion for Attorneys' Fees and Costs and awarding TetraMem's attorneys' fees and costs, in the amount which will be determined after briefing is complete.

This motion is supported by the attached Memorandum of Points and Authorities; the files, records, and pleadings in this action; and any arguments presented at the time of the hearing on this motion

## I. INTRODUCTION AND STATEMENT OF RELIEF REQUESTED

Defendant TetraMem, Inc. ("TetraMem") moves this Court for an order to award attorneys' fees due to Plaintiff's baseless claims raised in his Complaint, which makes this an exceptional case under 35 U.S.C. Section 285. Indeed, despite his long history of filing patent infringement complaints throughout the country, Plaintiff Xiaohua Huang ("Plaintiff") keeps filing numerous frivolous patent infringement complaint without regard for compliance with the Federal Rules of Civil Procedure and local rules.

## II. FACTUAL BACKGROUND

TetraMem is simultaneously filing a Motion to Dismiss with prejudice Plaintiff Xiaohua Huang's Complaint (the "Complaint"). Specifically, Plaintiff Xiaohua Huang's Complaint comes nowhere close to the pleading standard required by *Iqbal-Twombly* because of its conclusory assertions of patent infringement. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). The Complaint entirely fails to provide (1) a fair notice of patent infringement claims to TetraMem pursuant to Rule 8(a)(2) of Fed. R. Civ. P. and (2) sufficient facts in support of each element of direct infringement (either literally or under the

1

DEF.'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS

Case No. 5:23-cv-04936-SVK

doctrine of equivalents), induced infringement and contributory infringement claims under Rule 12(b)(6) of Fed. R. Civ. P.

Plaintiff is not a typical *pro se* party because Plaintiff has filed a number of patent infringement cases over the years and should know by now how to file an adequate patent infringement case. For instance, in *Xiaohua Huang* v. *Genesis Glob. Hardware, Inc.*, in footnote 5, the Court "note[d] other patent cases plaintiff ha[d] brought as a *pro se* litigant, which include citations to plaintiff's history of vexatious conduct and inability to follow the federal and local rules of court—despite being given multiple opportunities to do so." *Xiaohua Huang v. Genesis Glob. Hardware, Inc.*, No. 2:20-cv-1713-JAM-KJN, Dkt. No. 33 at 7 n.5 (E.D. Cal. Dec. 15, 2020). *See* Exhibit A to Defendant's Request for Judicial Notice in Support of Motion for an Award of Attorneys' Fees.

### III. ARGUMENT

#### A. This Case Is "Exceptional" Under 35 U.S.C. § 285

##### 1. TetraMem Is the Prevailing Party

Subject to a favorable outcome regarding the ruling of TetraMem's Motion to Dismiss, TetraMem is considered the prevailing party. As stated in TetraMem's Motion to Dismiss, Plaintiff's Complaint is substantively weak and devoid of any factual support. It is evident that Plaintiff filed it without conducting any pre-investigation nor any analysis of potential infringement issues. Dkt. No. 1.

##### 2. Plaintiff's Case is Substantively Weak.

Plaintiff's deficient Complaint is a result of Plaintiff's pattern of filing frivolous claims without conducting any pre-suit investigation. As discussed in TetraMem's Motion to Dismiss, Plaintiff's patent infringement Complaint, which raises (1) direct infringement, (2) induced infringement and (3) contributory infringement, is conclusory and devoid of supporting facts. In this type of contexts, in patent suits, 35 U.S.C. Section 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." An "exceptional" case is defined as one that stands out from others with respect to either:

2

- The substantive strength of a party's litigating position (considering both the governing law and the facts of the case)
- The unreasonable manner in which the case was litigated

*SRI Int'l, Inc.* v. *Cisco Sys., Inc.*, 14 F.4th 1323, 1331 (Fed. Cir. 2021) (quoting *Octane Fitness, LLC* v. *ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)).

Furthermore, the district courts may consider the totality of circumstances, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *See Octane Fitness, LLC*, 572 U.S. at 554 n.6.

Applying this totality-of-the-circumstances analysis, courts have found a case exceptional "when there has been some material inappropriate conduct related to the matter in litigation, such as . . . unjustified litigation, conduct that violates [Federal Rule of Civil Procedure] 11, or like infractions." *Id.* at 550 (quoting *Brooks Furniture Mfg., Inc. v. Dutailer Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005)). "[A] case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* at 555.

Also, in assessing whether a case is exceptional, "[c]ourts may also consider whether a party knew or willfully ignored evidence of the claims' meritlessness; whether the meritlessness could have been discovered by basic pretrial investigation; or whether the meritlessness was made clear early in the litigation." *Digital Empire Ltd.* v. *Compal Elecs. Inc. Group*, No. 14cv1688 DMS (KSC), 2015 WL 11570939, at *4 (S.D. Cal. 2015) (internal quotation marks omitted).

Here, this case is exceptional because Plaintiff's litigation is clearly weak. Plaintiff's Complaint is objectively baseless, meritless and lacks any factual support. Dkt. No. 1. His Complaint includes infringement allegations for the U.S. Patent No. RE45,259 patent but does not include any factual allegations showing so. *Id*. For example, entirely missing from Plaintiff's allegations is <u>the bare minimum</u>, which is an identification of what allegedly infringes Plaintiff's product, and how TetraMem's accused products (which are unspecified in detail) allegedly infringe Plaintiff's products. *Id*.

### 3. Plaintiff Is a Serial Filer of Frivolous Patent Infringement Cases Without Conducting any Pre-Suit Investigation. Such Conduct Should Be Deterred, Pursuant to *Octane Fitness*.

- **Plaintiff's Pattern of Frivolous Lawsuits:**

Here, Plaintiff's deficient Complaint, his long history of patent infringement litigation, and inability to follow the Federal Rules of Civil Procedure and local rules are <u>direct evidence</u> of Plaintiff's motivation. Plaintiff files many patent infringement Complaints and hopes that one will gain traction although this strategy does not appear to be successful. As an example, since 2020, Plaintiff has filed 31 patent infringement cases (including against companies such as Meta Platforms Inc. and Intel Corporation), and voluntarily dismissed 28 of them, typically less than a year later. This demonstrates Plaintiff's pattern of filing frivolous claims without conducting any pre-filing investigation.

The Federal Circuit has stated that a reasonable pre-filing investigation into infringement <u>requires</u> a party to interpret the asserted patent claims and <u>compare</u> the accused device with those claims before filing a claim alleging infringement. *See Eon-Net LP v. Flagstar Bancorp.*, 653 F.3d 1314, 1328-29 (Fed. Cir. 2011) (affirming fees and costs award under § 285 because patentee failed to conduct reasonable pre-suit investigation); *see also Walker Digital, LLC* v. *Google Inc.*, No. 11-311-RGA, 2015 WL 5190685, at *1 (D. Del. Sep. 4, 2015) (overruled on other grounds) (citing *Eon-Net LP*, 653 F.3d at 1329); *see also View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000) (discussing pre-suit investigation requirements under Rule 11 and holding that "[i]n bringing a claim of infringement, the patent holder, if challenged, must be prepared to demonstrate to both the court and the alleged infringer exactly why it believed before filing the claim that it had a reasonable chance of proving infringement. Failure to do so should ordinarily result in the district court expressing its broad discretion in favor of Rule 11 sanctions, at least in the absence of a sound excuse or considerable mitigating circumstances."); *see also Digital Empire*, 2015 WL 11570939, at *6 (granting defendants' motion for fees and costs and holding that "Plaintiff's failure to put forth any admissible evidence that Defendants were involved with the accused products supports a finding that Plaintiff failed to conduct an adequate pre-suit

DEF.'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS

Case No. 5:23-cv-04936-SVK

investigation into the facts of this case, and more specifically, whether Defendants were involved with the accused products."); *Checkpoint Sys. v. All-Tag Sec. S.A.*, No. 01-2223, 2015 U.S. Dist. LEXIS 109284, at *10-11 (E.D. Pa. Aug. 18, 2015) (quoting *Q-Pharma, Inc.* v. *Andrew Jergens, Co.*, 360 F.3d 1295, 1300-01 (Fed. Cir. 2004)) ("A party must 'interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement.'") (overruled on other grounds).

In *Hawk Technology Systems, LLC* v. *Castle Retail, LLC*, the district court awarded defendant's attorney's fees considering, *inter alia*, Plaintiff's "strategy of filing frivolous patent lawsuits." 2023 WL 5826978, at *5 (W.D. Tenn. Sept. 8, 2023); *see also Lumen View Tech., LLC v. Findthebest.com, Inc.,* 24 F. Supp. 3d 329, 336 (S.D.N.Y. 2014), *aff'd*, 811 F.3d 479 (Fed. Cir. 2016) (awarding attorney's fees to defendant in patent infringement action and holding that "[t]he boilerplate nature of [Plaintiff's] complaint, the absence of any reasonable pre-suit investigation, and the number of substantially similar lawsuits filed within a short time frame, suggests that [Plaintiff's] instigation of baseless litigation is not isolated to this instance, but is instead part of a predatory strategy aimed at reaping financial advantage from the inability or unwillingness of defendants to engage in litigation against even frivolous patent lawsuits.").

- **Plaintiff's Motivation:**

Similarly, here, Plaintiff's motivation in filing a substantial number of patent infringement lawsuits, his lack of care in drafting them including the one at issue or inability to comply with the Federal Rules of Civil Procedure, and local rules, warrant an exceptional case finding and fee award here. *Octane Fitness*, 572 U.S. at 554 n.6. Simply put, Plaintiff is a serial filer of frivolous patent infringement cases, and who faced numerous motions to dismiss. As in *Lumen View,* the "need 'to advance considerations of . . . deterrence' of this type of litigation behavior is evident." 24 F. Supp. 3d at 336. That is why Plaintiff's case is exceptional—the "'deterrence' prong of the *Octane Fitness* test also weighs in favor of an exceptional case finding." *Id.* (quoting *Octane Fitness,* 134 S. Ct. at 1756 n.6).

- **Plaintiff's Lack of Good Faith:**

Further, Plaintiff's Complaint demonstrates his lack of good-faith by bringing this action without conducting any pre-filing investigation. Indeed, his Complaint lacking any factual support shows that absolutely no pre-filing investigation has been done. Dkt. No. 1. Again, Plaintiff's allegations do not identify what allegedly infringes Plaintiff's product, and how TetraMem's accused products (which are unspecified in detail) allegedly infringe Plaintiff's products. *Id*. As a result, this has caused TetraMem to be unreasonably subjected to the costs of litigation (as well as many defendants since 2020) and therefore, Plaintiff should properly bear its attorneys' fees. Indeed, in *WPEM, LLC v. SOTI Inc.*, no pre-suit investigation was conducted, and Judge Gilstrap stated the following with respect to defendant's award of attorney's fees:

> Additionally, and crucially, the Court finds that WPEM conducted **absolutely no pre-filing investigation** into the validity or enforceability of the Asserted Patent. Even the most cursory of such investigations would have revealed the grounds for invalidity and unenforceability SOTI now asserts. **Having failed to conduct a pre-filing investigation, the Court finds that WPEM has unreasonably subjected SOTI to the costs of litigation and should properly bear its attorneys' fees.**

No. 2:18-CV-00156-JRG, 2020 WL 555545, at *3-6, 8 (E.D. Tex. Feb. 4, 2020) (emphasis added) (finding case exceptional and awarding $179,622 in attorneys' fees where counsel "conducted no pre-filing investigation into the validity and enforceability of the Asserted Patent at all"), *aff'd*, 837 F. App'x 773 (Fed. Cir. 2020), *cert. denied*, 141 S. Ct. 2628 (2021)).

To conclude, Plaintiff's pattern of frivolous lawsuits, his unjustified Complaint filed in bad faith render this case exceptional. Further, such conduct should be deterred, pursuant to *Octane Fitness*.

### B. TetraMem Should Be Awarded Its Reasonable Attorneys' Fees and Costs under Section 285

It is well established that the determination of reasonable attorney's fees is a "matter that is committed to the sound discretion of a district court judge." *Lumen View Tech. LLC* v.

*Findthebest.com, Inc.,* 811 F.3d 479, 483 (Fed. Cir. 2016) (quoting *Perdue* v. *Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010) (internal quotation marks omitted)).

Further, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Philips Elecs. N. Am. Corp. v. Compo Micro Tech, Inc.*, No. 02-CV-123 KAJ, 2006 WL 3020724, at *2 (D. Del. Oct. 23, 2006) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Id.* (quoting *Hensley*, 461 U.S. at 433). "This calculation results in what is often called the 'lodestar.'" *Id.*

As for related expenses, "[c]ourts may award reimbursement of certain expenses when the expenses are reasonable, necessary to the prosecution of the litigation, and adequately documented." *Philips*, 2006 WL 3020724, at*6. "These expenses normally include those related to . . . telephone, mail, photocopying, facsimile, courier, filing fees, . . . and other related services." *Id*.

Here, the attorneys' fees of TetraMem are reasonable and well-within the mean billing rates for IP attorneys and paralegals at private law firms in the relevant markets. TetraMem's legal team always strove to keep attorneys' fees to a minimum, and delegated some work to a junior attorney. TetraMem will submit the accounting records related to its attorneys' fees and expenses after briefing is complete.

## IV.  CONCLUSION

Plaintiff never should have filed such a deficient Complaint, and he can offer no "sound excuse" or identify any "considerable mitigating circumstances" for maintaining it. *View Eng'g, Inc.*, 208 F.3d at 986.

For the reasons stated above, TetraMem respectfully requests that the Court find this case to be exceptional and award TetraMem's attorneys' fees and costs (which will be determined after briefing is complete) for pursuing baseless claims of infringement and deterring similar conduct in the future, pursuant to 35 U.S.C. Section 285.

7

|     |                                   |                                                    |
| --- | --------------------------------- | -------------------------------------------------- |
|  1  |                                   | Respectfully submitted,                            |
|  2  | Dated: November 1, 2023           | By: */s/ James Hannah*                             |
|     |                                   | Paul J. Andre (Bar No. 196585)                     |
|     |                                   | Lisa Kobialka (Bar No. 191404)                     |
|     |                                   | James Hannah (Bar No. 237978)                      |
|     |                                   | Violaine Brunet (Bar No. 305609)                   |
|     |                                   | KRAMER LEVIN NAFTALIS                              |
|     |                                   | & FRANKEL LLP                                      |
|     |                                   | 333 Twin Dolphin Drive, Suite 700                  |
|     |                                   | Redwood Shores, CA 94065                           |
|     |                                   | Telephone: (650) 752-1700                          |
|     |                                   | Facsimile: (650) 752-1800                          |
|     |                                   | pandre@kramerlevin.com                             |
|     |                                   | lkobialka@kramerlevin.com                          |
|     |                                   | jhannah@kramerlevin.com                            |
|     |                                   | vbrunet@kramerlevin.com                            |
|     |                                   |                                                    |
|     |                                   | *Attorneys for Defendant*                          |
|     |                                   | TetraMem, Inc.                                     |