PAUL J. ANDRE (Bar No. 196585)
LISA KOBIALKA (Bar No. 191404)
JAMES HANNAH (Bar No. 237978)
VIOLAINE BRUNET (Bar No. 305609)
KRAMER LEVIN NAFTALIS & FRANKEL LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
vbrunet@kramerkevin.com

Attorneys for Defendant
TetraMem Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| XIAOHUA HUANG<br><br>       Plaintiff,<br><br>   v.<br><br>TETRAMEM INC.,<br><br>       Defendant. | Case No. 5:23-cv-04936-SVK<br><br>**DEFENDANT TETRAMEM INC.'S (1) OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT TETRAMEM INC.; (2) CROSS-MOTION FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFF XIAOHUA HUANG'S FIRST AMENDED COMPLAINT, UNDER FED. R. CIV. P. 6(b) AND FOR LEAVE TO FILE RESPONSE TO PLAINTIFF XIAOHUA HUANG'S FIRST AMENDED COMPLAINT UNDER FED. R. CIV. P. 6(b)**<br><br>Date:    January 9, 2024<br>Time:   10:00 a.m.<br>Ctrm.:   6, 4th Floor<br>Before:  Hon. Susan van Keulen |

### NOTICE OF CROSS-MOTION AND CROSS-MOTION

TO PLAINTIFF XIAOHUA HUANG:

NOTICE IS HEREBY GIVEN that, on Tuesday, January 9, 2024, at 10:00 am, or as soon thereafter as counsel may be heard, in Courtroom 6, 4th Floor before the Honorable Susan van Keulen of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, CA 95113, San Jose, California, Defendant TetraMem Inc. ("TetraMem") will, and hereby does, move this Court pursuant to Rule 6(b) of the Federal Rules of Civil Procedure for an order granting TetraMem's extension of time to respond to Plaintiff Xiaohua Huang's First Amended Complaint and for leave to file a response to Plaintiff's First Amended Complaint, as Plaintiff can claim no undue prejudice.

This Cross-Motion and Motion are supported by this Notice of Motion, the following Memorandum of Points and Authorities, the files, records, and pleadings in this action, any arguments presented at the time of the hearing on this motion, and all matters of which the Court may take judicial notice.

1

DEF.'S OPPOSITION TO MOTION FOR ENTRY OF DEFAULT   Case No. 5:23-cv-04936-SVK
AND CROSS-MOTION FOR EXTENSION AND LEAVE TO FILE RESP.

## I. INTRODUCTION AND STATEMENT OF RELIEF

Pursuant to Fed. R. Civ. P. 6(b)(1)(A) and (B), Defendant TetraMem Inc. ("TetraMem") respectfully requests the Court to deny Plaintiff's Motion for Entry of Default ("Default Motion"). TetraMem inadvertently mis-calendared the deadline to respond to Plaintiff's Amended Complaint and, upon recognition of the missed deadline, TetraMem immediately requested additional time to promptly file a response. Rather than work with TetraMem, Plaintiff's response was to file a Default Motion on the evening of November 29th.

After trying to meet and confer with TetraMem on November 30th, TetraMem ultimately met and conferred with Plaintiff on December 1st, seeking Plaintiff's consent for TetraMem to file its response and withdrawal of the Default Motion. Plaintiff refused to commit to a position, leaving TetraMem no choice, but to file this Cross-Motion for an Extension to Respond to Plaintiff's First Amended Complaint and for Leave to File a Response to Plaintiff's First Amended Complaint ("Cross-Motion").

## II. STATEMENT OF FACTS

On September 26, 2023, Plaintiff Xiaohua Huang ("Plaintiff") filed a defective complaint (the "Complaint") for patent infringement against TetraMem. Dkt. No. 1. Due to the problems with the pleadings, TetraMem, on November 1, 2023, filed a Motion to Dismiss. Dkt. No. 8. Plaintiff's response was to file on November 14, 2023, First Amended Complaint (the "FAC"), which suffered from some of the same defects found in Plaintiff's Complaint. Plaintiff filed fifteen days later, on November 29, 2023, the asserted patent, U.S. Patent No. RE45259, as "Exhibit A" to the Amended Complaint. Dkt. Nos. 15 and 15-1 to 15-3; Dkt. No. 22.

On November 29th, TetraMem discovered that it had mis-calendared the deadline for its response to the FAC. Declaration of James Hannah (hereinafter "Hannah Decl."), ¶ 3. Shortly after this discovery, Plaintiff sent TetraMem an email that TetraMem missed the deadline to respond to the FAC. TetraMem immediately reached out to Plaintiff, noting that Plaintiff had just filed Exhibit A to the FAC that day, and requesting that the parties stipulate to a deadline of December 5, 2023 to file a response to the FAC. Ex. 1 to Hannah Decl. Rather than respond to TetraMem's request for additional

time, Plaintiff promptly filed the Default Motion, which failed to include a proper Notice of Motion and Motion, in the evening on November 29, 2023.  Dkt. No. 23.

TetraMem tried to connect with Plaintiff to meet and confer on November 30, 2023.  Hannah Decl., ¶ 6.  Ultimately, the parties met and conferred on December 1, 2023, regarding a possible extension of time for TetraMem to file a response to the FAC and withdrawal of the Default Motion.  However, Plaintiff refused to commit to stipulate that that TetraMem could respond to the FAC and that it would withdraw the Default Motion.  *Id*., ¶¶ 7-8.  As a result, TetraMem had no choice but to file this Opposition, and seek the relief requested in its Cross-Motion.

## III.   ARGUMENT

TetraMem respectfully requests the Court deny Plaintiff's Default Motion.  As explained above, TetraMem ***inadvertently*** mis-calendared the deadline to file TetraMem's Response to Plaintiff's FAC, such that it missed the deadline.  One day after the deadline, TetraMem realized its mistake and, in good faith, contacted Plaintiff that day to resolve the issue.  Because TetraMem missed the deadline due to excusable neglect and immediately made multiple good faith efforts to address the mistake, TetraMem respectfully opposes the Default Motion and requests that the Court extend the deadline and grant TetraMem's motion for leave to file its proposed response.  *See* Fed. R. Civ. P. 6(b)(1)(B).

Indeed, default judgments are ordinarily disfavored and are authorized only in "extreme cases." *American States Ins. Corp. v. Tech. Surfacing, Inc.*, 178 F.R.D. 518, 521 (D. Minn. 1998) (granting defendant's motion for leave to file an untimely answer, finding, *inter alia,* that entry of judgment by default is a drastic remedy which should be used only in "extreme situations" and the "entry of such a judgment is only appropriate where there has been a clear record of delay or contumacious conduct.")  Rather, "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool,* 782 F.2d 1470, 1472 (9th Cir. 1986) (finding no abuse of discretion in dismissing the action and denying a default judgment because the merits of the claim were doubtful, and defendant's failure to answer was excusable neglect in light of ongoing settlement negotiations.)

Here, TetraMem requests that the Court deny Plaintiff's Default Motion because there are no extreme circumstances here and simply an error that TetraMem has attempted to quickly resolve.

"Because granting or denying relief is entirely within the court's discretion, a defendant's default does not automatically entitle a plaintiff to a court ordered judgment." *Philip Morris USA, Inc. v. Castworld Prods., Inc.,* 219. F.R.D. 494, 498 (C.D. Cal. 2003) (overruled on other grounds) (citing *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980)).

Furthermore, Plaintiff's Default Motion is faulty for a number of reasons and fails to meet the standard for such a motion. For example, it is not accompanied with the appropriate paperwork, including a Notice of Motion and Motion and a proposed order. Thus, there is no hearing date for Plaintiff's Default Motion. Certainly, given that TetraMem filed a Motion to Dismiss to Plaintiffs' original complaint, there cannot be a claim that TetraMem has failed to appear at all in the case. *See* Rule 55(a)-(b) of Fed. R. Civ. P. Given TetraMem's previous appearance, any purported default judgment would need to be made by the Court. Rule 55(b)(1)-(2) of Fed. R. Civ. P. Thus, a hearing would be required if Plaintiff's Default Motion is not rejected outright.

As a final matter, Plaintiff's Default Motion should be denied because Plaintiff refused to engage in a reasonable meet and confer process prior to filing the Default Motion, which would have been expected, given that TetraMem had previously appeared in the case. Once TetraMem sought to resolve this issue with Plaintiff upon realization of the missed deadline, Plaintiff should have worked in good faith with TetraMem, rather than just file the Default Motion. Even after the Default Motion was filed, Plaintiff refused to work with TetraMem, which is not in the spirit of the local rules. Therefore, as demonstrated, there are multiple grounds to deny Plaintiff's Default Motion.

In support of TetraMem's Cross-Motion, several Courts have found that Rule 6(b)(1), "like all the Federal Rules of Civil Procedure, is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian* v. *Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010). "While litigants will normally be granted an enlargement of time in the absence of bad faith or prejudice to the adverse party, even when the extension is sought after the time limit has expired, the good cause standard is satisfied merely upon a showing of excusable neglect." *Perez-Denison v. Kaiser Found. Health Plan of the NW*, 868 F. Supp. 2d 1065, 1078 (D. Or. 2012) (internal quotation marks, emphasis and citation omitted).

Here, there is good cause because the missed deadline was an inadvertent error. Moreover, there is nothing but evidence of TetraMem's good faith. TetraMem, while it disagrees with Plaintiff, has been respectful of Plaintiff and simply made error in calendaring. TetraMem has been prompt in trying to address the mistake and reached out to Plaintiff to work through the missed deadline. Ultimately, TetraMem had to oppose the Default Motion and seek this relief because Plaintiff refused to confirm that he would stipulate to the requested extension.

Further, the allegations in Plaintiff's FAC are clearly insufficient to merit a default judgment. Plaintiff' FAC offers "labels and conclusions," devoid of any factual support. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). This defective FAC weighs against an entry of default judgment. Moreover, there is no significant danger of prejudice to Plaintiff. Filing the response to the FAC will not materially impact the proceedings. However, the danger of prejudice lies in denying TetraMem's relief. Therefore, TetraMem requests the Court's intervention and deny as moot Plaintiff's Default Motion and grant TetraMem's request extension of time and request for leave to file its proposed response, which is attached as Exhibit 2. Ex. 2 to Hannah Decl.

## IV. CONCLUSION

For the foregoing reasons, TetraMem respectfully requests that the Court deny as moot Plaintiff's Motion for Entry of Default since Plaintiff can claim no undue prejudice, grant it an extension of time to respond to the FAC or otherwise leave to respond.

5

DEF.'S OPPOSITION TO MOTION FOR ENTRY OF DEFAULT         Case No. 5:23-cv-04936-SVK
AND CROSS-MOTION FOR EXTENSION AND LEAVE TO FILE RESP.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: December 4, 2023 | By: */s/ James Hannah* |
|  | Paul J. Andre (Bar No. 196585) |
|  | Lisa Kobialka (Bar No. 191404) |
|  | James Hannah (Bar No. 237978) |
|  | Violaine Brunet (Bar No. 305609) |
|  | KRAMER LEVIN NAFTALIS |
|  | & FRANKEL LLP |
|  | 333 Twin Dolphin Drive, Suite 700 |
|  | Redwood Shores, CA 94065 |
|  | Telephone: (650) 752-1700 |
|  | Facsimile: (650) 752-1800 |
|  | pandre@kramerlevin.com |
|  | lkobialka@kramerlevin.com |
|  | jhannah@kramerlevin.com |
|  | vbrunet@kramerlevin.com |
|  |  |
|  | *Attorneys for Defendant* |
|  | TetraMem Inc. |

6

DEF.'S OPPOSITION TO MOTION FOR ENTRY OF DEFAULT      Case No. 5:23-cv-04936-SVK
AND CROSS-MOTION FOR EXTENSION AND LEAVE TO FILE RESP.