# EXHIBIT 2

# Proposed Motion to Dismiss

PAUL J. ANDRE (Bar No. 196585)
LISA KOBIALKA (Bar No. 191404)
JAMES HANNAH (Bar No. 237978)
VIOLAINE BRUNET (Bar No. 305609)
KRAMER LEVIN NAFTALIS & FRANKEL LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
vbrunet@kramerkevin.com

Attorneys for Defendant
TetraMem Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| XIAOHUA HUANG,<br><br>    Plaintiff,<br><br>  v.<br><br>TETRAMEM INC.,<br><br>    Defendant. | Case No. 5:23-cv-04936-SVK<br><br>**DEFENDANT TETRAMEM INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF XIAOHUA HUANG'S FIRST AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)**<br><br>Date:    TBD<br>Time:   10:00 a.m.<br>Ctrm.:   6, 4th Floor<br>Before:  Hon. Susan van Keulen |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................. 2

II. STATEMENT OF ISSUES TO BE DECIDED ............................................................... 2

III. STATEMENT OF FACTS ............................................................................................... 2

IV. ARGUMENT .................................................................................................................... 5

    1.    TetraMem's Motion to Dismiss Should be Granted because Plaintiff Fails to State a Claim of Patent Infringement against TetraMem under Rules 8(a)(2) and 12(b)(6) of Fed. R. Civ. P. .................................................................................................. 5

        A.    Plaintiff Fails to Plead Direct Infringement .......................................................... 6

        B.    Plaintiff Fails to Plead Induced Infringement ....................................................... 8

        C.    Plaintiff Fails to Plead Contributory Infringement ............................................... 9

V. CONCLUSION ............................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Addiction and Detoxification Inst. L.L.C. v. Carpenter*,
   620 F. App'x 934 (Fed. Cir. 2015) .................................................................................10

*Artrip v. Ball Corp.*,
   735 F. App'x 708 (Fed. Cir. 2018) .................................................................................10

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................2, 5, 6, 8

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................2, 5, 6, 8

*Commil USA, LLC v. Cisco Sys., Inc.*,
   575 U.S. 632 (2015) .......................................................................................................8, 9

*Conley v. Gibson*,
   355 U.S. 41 (1957) ..........................................................................................................6, 8

*Document Sec. Sys., Inc. v. Everlight Elecs. Co.*,
   No. CV 17-04273 JVS, 2017 WL 10545081 (N.D. Cal. Nov. 16, 2017) ......................6, 8

*DSU Med. Corp. v. JMS Co.*,
   471 F.3d 1293 (Fed. Cir. 2006) .........................................................................................9

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
   363 F.3d 1263 (Fed. Cir. 2004) ......................................................................................8, 9

*Golden v. Apple Inc.*,
   819 F. App'x 930 (Fed. Cir. 2020), *cert. denied*, 141 S. Ct. 1067 (2021) .......................7

*Huang v. Huawei Techs. Co.*,
   No. 15-cv-01413-JRG, 2017 WL 1133201 (E.D. Tex. Mar. 27, 2017) ...........................4

*Huang v. MediaTek USA, Inc.*,
   815 F. App'x 521 (Fed. Cir. 2020) ....................................................................................4

*Huang v. Open-Silicon, Inc.*,
   No. 18-cv-00707-JSW, 2018 U.S. Dist. LEXIS 221487 (N.D. Cal Aug. 27, 2018) .........4

*Sandisk Corp. v. Lexar Media, Inc.*,
   91 F. Supp. 2d 1327 (N.D. Cal. 2000) ............................................................................10

*Scripps Rsch. Inst. v. Illumina, Inc.*,
   No. 16-cv-661 JLS (BGS), 2016 WL 6834024 (S.D. Cal. Nov. 21, 2016) .....................6

*Sliding Door Co. v. KLS Doors, LLC*,
 No. EDCV 13-00196 JGB, 2013 WL 2090298 (C.D. Cal. May 1, 2013) ........................................5

*Starr v. Baca*,
 652 F.3d 1202 (9th Cir. 2011) ....................................................................................................5

*Vita–Mix Corp. v. Basic Holding, Inc.*,
 581 F.3d 1317 (Fed. Cir. 2009) ...................................................................................................9

*Xiaohua Huang* v. *Genesis Glob. Hardware, Inc.*,
 No. 2:20-cv-1713-JAM-KJN, Dkt. No. 33 (E.D. Cal. Dec. 15, 2020) ........................................2

**Statutes**

35 U.S.C.
  § 271 .................................................................................................................................1, 9, 10
  § 284 .................................................................................................................................3
  § 285 .................................................................................................................................3

**Other Authorities**

Fed. R. Civ. P. Rule 8(a)(2) .......................................................................................1, 2, 5, 10

Fed. R. Civ. P. Rule 12(b)(6) .................................................................................1, 2, 4, 5, 10

## NOTICE OF MOTION AND MOTION

TO PLAINTIFF XIAOHUA HUANG:

NOTICE IS HEREBY GIVEN that, on a date to be set by the Court, in Courtroom 6, 4th Floor before the Honorable Susan van Keulen of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, CA 95113, San Jose, California, Defendant TetraMem Inc. ("TetraMem") will, and hereby does, move this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing all claims against TetraMem that Plaintiff Xiaohua Huang asserts in his First Amended Complaint ("FAC").  Dkt. No. 15. Plaintiff's allegations do not satisfy the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure and thus fail to state any plausible claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This motion is supported by this Notice of Motion, the following Memorandum of Points and Authorities, the files, records, and pleadings in this action, any arguments presented at the time of the hearing on this motion, and all matters of which the Court may take judicial notice.

## STATEMENT OF RELIEF REQUESTED

Once again, TetraMem moves this Court for an order to dismiss the patent infringement cause of action against TetraMem for failure to state plausible claims for which relief may be available under Rules 8(a)(2) and 12(b)(6) of Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  Plaintiff's FAC does not remedy any of the fatal flaws raised in the TetraMem's first Motion to Dismiss.  Plaintiff's FAC is *identical* to Plaintiff's Complaint except for 3 additional sentences and Exhibits, which are irrelevant and unintelligible.  Plaintiff's FAC is illustrative of his habit of filing numerous frivolous patent infringement complaint without regard for compliance with the Federal Rules of Civil Procedure and rules of Court, despite the many opportunities to do so.

In short, there are no plausible allegations of direct, and indirect infringement, pursuant to 35 U.S.C. Section 271(a), (b), and (c), and as such, Plaintiff's FAC should be dismissed in its entirety.

## I. INTRODUCTION

Again, Plaintiff Xiaohua Huang's First Amended Complaint (the "FAC") comes nowhere close to the pleading standard required by *Iqbal-Twombly* because of its conclusory assertions of patent infringement. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). The FAC entirely fails to provide (1) a fair notice of patent infringement claims to TetraMem pursuant to Rule 8(a)(2) of Fed. R. Civ. P. and (2) sufficient facts in support of each element of direct infringement (either literally or under the doctrine of equivalents), induced infringement and contributory infringement claims under Rule 12(b)(6) of Fed. R. Civ. P.

Plaintiff is not a typical *pro se* party because Plaintiff has filed a number of patent infringement cases over the years and should know by now how to file an adequate patent infringement case. For instance, in *Xiaohua Huang* v. *Genesis Global Hardware, Inc.*, in footnote 5, the Court "note[d] other patent cases plaintiff ha[d] brought as a *pro se* litigant, which include citations to plaintiff's history of vexatious conduct and inability to follow the federal and local rules of court—despite being given multiple opportunities to do so." *Xiaohua Huang* v. *Genesis Glob. Hardware, Inc.*, No. 2:20-cv-1713-JAM-KJN, Dkt. No. 33 at 7 n.5 (E.D. Cal. Dec. 15, 2020). *See* Dkt. No. 9-1, Exhibit A to Defendant's Request for Judicial Notice ("RJN"); *see also* Dkt. Nos. 9-2, 9-3, 9-4, Exhibits B-D to RJN.

For these reasons, TetraMem's motion to dismiss with prejudice should be granted, pursuant to Rule 12(b)(6) of Fed. R. Civ. P.

## II. STATEMENT OF ISSUES TO BE DECIDED

Whether the Court should dismiss Plaintiff's FAC because his conclusory assertions of patent infringement do not meet the requisite pleading standards.

## III. STATEMENT OF FACTS

On September 26, 2023, Plaintiff Xiaohua Huang ("Plaintiff") filed a complaint (the "Complaint") for patent infringement against TetraMem. Dkt. No. 1. Thereafter, on September 27, 2023, a Summons was filed, which mistakenly was issued from the Middle District of Florida. Dkt. No. 3.

After TetraMem filed its *first* Motion to Dismiss on November 1, 2023, Plaintiff filed a First Amended Complaint (the "FAC") for patent infringement against TetraMem. Dkt. No. 8; Dkt. Nos. 15 and 15-1 to 15-3.

Similar to the original Complaint, the FAC is woefully deficient and Plaintiff made no changes that would resolve the fatal issues raised in TetraMem's *first* Motion to Dismiss. Dkt. No. 8.

As previously stated in TetraMem's *first* Motion to Dismiss, it can be seen from the example below, in a single Count, Plaintiff still combines multiple types of patent infringement altogether, to wit, direct, induced, and contributory infringement of the U.S. Patent No. RE45,259 (defined by the FAC as the "'RE259 patent"). Dkt. No. 15 at ¶¶ 1, 9. For instance, in paragraph 12, the FAC alleges in relevant part:

- COUNT I: **INFRINGEMENT** OF U.S. PATENT NO. RE45359:

> Defendant TetraMem's **acts of infringement, inducing infringement** have caused damage to Xiaohua Huang, and Xiaohua Huang is entitled to recover from Defendant for the damages sustained by Xiaohua Huang as a result of Defendant's wrongful acts in an amount subject to proof at trial. Defendant's infringement of Xiaohua Huang exclusive rights under the 'RE259 patent will continue to damage Xiaohua Huang, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court. Defendant's infringement entitle[s] Xiaohua Huang to recover damages under 35 U.S.C. §284 and to legal fees and costs incurred in prosecuting this action under 35 U.S.C. §285.

*Id.* at ¶ 12 (emphasis added).

Further, Plaintiff does not cite any elements of each of his causes of action with supporting facts. For instance, in paragraph 11 of the FAC, Plaintiff alleges that:

> On information and belief, Defendant TetraMem has induced its Customers to have infringed and continue **to infringe directly, indirectly, literally, [under the] Doctrine of Equivalent[s]** the claim 29 of 'RE259 patent by using the devices which infringes the claim 29 of 'RE259 patent. The Customers of the Defendant uses the function of reading and writing data and information which contains the circuit and logic reading the claim 29 of the 'RE259 patent. The using of function of reading and writing data and information in accused devices are completely not a staple article or commodity of commerce suitable for substantial non-infringing use.

*Id.* at ¶ 11 (emphasis added).

This paragraph is an illustration of Plaintiff's FAC by showing that Plaintiff simply makes conclusory statements without any factual support. Entirely missing from Plaintiff's allegations is an identification of which TetraMem's alleged product(s) specifically infringe(s) Plaintiff's products, and how TetraMem allegedly infringes. For instance, Plaintiff does not even mention any specific versions of TetraMem's ReRAM (which span from 2020 to 2023), which allegedly infringe(s) Plaintiff's product(s). As a result, TetraMem has not been given appropriate notice of what is being alleged against it, and thus, cannot defend itself effectively. These defects in the FAC are fatal and therefore, warrant dismissal of Plaintiff's claims with prejudice against TetraMem under Rule 12(b)(6) of Fed. R. Civ. P.

Also, as previously stated, Plaintiff is not an average *pro se*—Plaintiff acquired litigation experience by filing multiple frivolous patent infringement claims over the years. In footnote no. 5, Magistrate Judge Kendall J. Newman listed a number of cases showing Plaintiff's inability to follow the federal and local rules, including:

> (1) *Huang v. MediaTek USA, Inc.,* 815 F. App'x 521, 525 (Fed. Cir. 2020) (affirming district court's dismissal of plaintiff's pro se infringement claims, despite "four opportunities to serve proper contentions . . . , multiple warnings and ample guidance from the district court.") (Dkt. No. 9-3, Ex. C at 6 to Request for Judicial Notice);
>
> (2) *Huang v. Open-Silicon, Inc.,* No. 18-cv-00707-JSW, 2018 U.S. Dist. LEXIS 221487 (N.D. Cal Aug. 27, 2018) (granting product manufacturer's motion to intervene in an infringement suit against small seller of products, staying case to await resolution of manufacturer's patent invalidity suit, and denying plaintiff's motion to amend for failure to follow the local rules, failure to offer more than just boilerplate in the proposed amendments, and failure to demonstrate good faith attempts at supporting factual inferences); and
>
> (3) *Huang v. Huawei Techs. Co.,* No. 15-cv-01413-JRG, 2017 WL 1133201, at *3 (E.D. Tex. Mar. 27, 2017) (sanctioning plaintiff for his "bad faith and an abuse of the judicial process").

4

*See* Dkt. No. 9-1, Ex. A to Request for Judicial Notice at 7 n.5.

Given this extensive litigation experience (including many opportunities to amend his complaints), Plaintiff should be held to a higher standard than a novice *pro se* party or at least being able to file an adequate patent infringement FAC, which is definitely not the case here.

## IV. ARGUMENT

### 1. TetraMem's Motion to Dismiss Should be Granted because Plaintiff Fails to State a Claim of Patent Infringement against TetraMem under Rules 8(a)(2) and 12(b)(6) of Fed. R. Civ. P.

Plaintiff's claims of patent infringement against TetraMem fail to provide fair notice of his claims to TetraMem, as required by Rule 8(a)(2) of Fed. R. Civ. P., and as such, should be dismissed under Rule 12(b)(6) of Fed. R. Civ. P.  The FAC should be dismissed with prejudice considering Plaintiff's extensive patent infringement litigation history.

The Supreme Court held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' [under Rule 8(a)] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.  It also cautioned that "[t]hreadbare recitals of the elements of a cause of action" and "mere conclusory statements" are "not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 678-79.

As such, in order to survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.  And, a claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Here, as a threshold matter, the FAC does not "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *See Sliding Door Co. v. KLS Doors, LLC*, No. EDCV 13-00196 JGB, 2013 WL 2090298, at *3 (C.D. Cal. May 1, 2013) (quoting *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011)).  Plaintiff simply made conclusory statements and does not give fair notice to TetraMem of what the claims are and the grounds upon

which they rest. *Conley* v. *Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Twombly on other grounds*. For example, entirely missing from Plaintiff's allegations is an identification of what allegedly infringes Plaintiff's products, and how TetraMem's accused products (which are still unspecified in detail) allegedly infringe Plaintiff's products.

In sum, the FAC includes infringement allegations for the 'RE259 patent but does not include any factual allegations showing so.

### A. Plaintiff Fails to Plead Direct Infringement

The Court should dismiss Plaintiff's claims of direct infringement against TetraMem because it fails to satisfy the *Iqbal/Twombly* standard. "[T]o properly plead direct infringement under *Twombly* and *Iqbal,* a plaintiff must plausibly allege that a defendant directly infringes each limitation in at least one asserted claim." *Scripps Rsch. Inst. v. Illumina, Inc.,* No. 16-cv-661 JLS (BGS), 2016 WL 6834024, at *5 (S.D. Cal. Nov. 21, 2016). This is simply not the case here.

Here, the FAC merely identifies claim 29 of the 'RE259 patent, attaches a copy of said patent, and generally states that "products made by Defendant TetraMem, including **but not limited to embedded RRAM IP and chips**[,] contains the IC with the function which read the claim 29 of US patent [']RE45259." Dkt. No. 15, ¶ 7 (emphasis added). This general identification of "products made by Defendant TetraMem" is insufficient to provide notice of which TetraMem's products are at issue, and why any of its ReRAM IP and chips would be *at issue* in this case, as there are no allegations of how these products meet each element of any claim of the asserted patent. *Id.*

Second, the FAC fails to provide any factual allegations regarding how, if at all, the accused products ("including but not limited to ReRAM IP and chips") meet all the claim 29 elements of the 'RE259 patent. Specifically, the FAC fails to state a claim by failing to map a claim limitation or providing "sufficient factual allegations regarding how an accused product meets each of a claim's limitations." *Document Sec. Sys., Inc. v. Everlight Elecs. Co.,* No. CV 17-04273 JVS, 2017 WL 10545081, at *2 (N.D. Cal. Nov. 16, 2017) ("[A]t [the motion to dismiss] stage, a plaintiff only needs to provide sufficient factual allegations regarding how an accused product meets each of a claim's limitations."). For instance, Plaintiff's alleged "claim chart" in Exhibit XI entitled "Plaintiff's

infringement analysis prior to file complaint" is unintelligible.  Dkt. No. 15-2.  This purported "claim chart" presents a confusing mix of unorganized statements, making it difficult to understand or interpret.  *Id*; *Golden* v. *Apple Inc.*, 819 F. App'x 930, 931 (Fed. Cir. 2020), *cert. denied*, 141 S. Ct. 1067 (2021) (holding that plaintiff's complaint was subject to summary dismissal as frivolous and specifically rejected pro se party's claim charts and allegations of infringement because they contained "a dizzying array of disorganized assertions," and "disingenuously using the words of the claims to generally describe cryptically identified structures.").  Moreover, in that same Exhibit, Plaintiff makes various conclusory statements and produces figures – whose source or provenance is not identified – without any specific explanation as to their pertinence to the alleged patent infringement claims.  The alleged "claim chart" and allegations in the FAC do not include any connection between any specific feature of the accused product(s) to the claim language.

Further, Plaintiff's Exhibits to the FAC are unclear, irrelevant as they do not, in any way, support Plaintiff's patent infringement contentions.  As an example, Exhibit 1 entitled "Plaintiff's knowledge and effort to discussion prior to file complaint," and Exhibit 2, whose title is unclear, "[t]he RRAM of TetraMem was published on the nature magazine one picture was cited by Exhibit X1," do nothing to support Plaintiff's claims of infringement.  Dkt. Nos. 15-1, 15-3.  In this Exhibit 1, Plaintiff alleged a conversation dated February 1, 2020 with the CEO of TetraMem, which does ***not*** include any relevant facts, (2) reproduced a LinkedIn exchange between him and the CEO of TetraMem dated September 9, 2023 (3 years later after the alleged 2020 discussion) in which he stated that "[TetraMem's] company product RERAM read the claim 29 of US patent No. RE45259," and (3) an alleged article entitled "TetraMem and Synopsys Collaborate to Accelerate Development of Groundbreaking AI Accelerator Chips with Analog In-Memory Computing," with no indication as to its relevance to the present case.  Dkt. No. 15-1 at 2-3, 5.  As to Exhibit 2 (whose title is unclear, "[t]he RRAM of TetraMem was published on the nature magazine one picture was cited by Exhibit X1"), Plaintiff does not explain how or why that article is relevant to Plaintiff's patent infringement claim(s).  Dkt. No. 15-3.

Additionally, the FAC fails to state a plausible claim of infringement under the doctrine of equivalents because again it lacks the plausibility and particularized facts required to state a claim under the *Iqbal/Twombly* standard. *See Document Sec. Sys.*, 2017 WL 10545081, at *2 ("under the doctrine of equivalents, a claim for direct infringement must be applied to individual elements of the claim, not to the invention as a whole.") (citations and internal quotation marks omitted).

Also, although the FAC mentions "the doctrine of equivalents," it fails to identify any allegedly equivalent within TetraMem's device, which would correspond to an element described in the 'RE4529 patent. Thus, the doctrine of equivalents claim raised in the FAC should be dismissed for failing to meet the standard set forth in *Iqbal/Twombly*.

The FAC's direct infringement allegations (either literally or under the doctrine of equivalents) fail to "give the defendant fair notice what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. On his second attempt, Plaintiff still fails to identify which products allegedly infringe his patent, which demonstrates the implausibility of his claims. As such, Plaintiff's FAC should be dismissed.

### B. Plaintiff Fails to Plead Induced Infringement

As shown in the above section, Plaintiff did not plead direct infringement because it has not properly identified an infringing product or provide a sufficient analysis of the claims of the patent. Because induced infringement is predicated on the existence of direct infringement, Plaintiff's FAC fails out of the gate. *See Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement . . . .").

In addition to failing to identify a direct infringer, the FAC fails to provide sufficient facts in support of Plaintiff's induced infringement claim from which the Court could plausibly infer TetraMem's knowledge. *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015). In particular, to plead induced infringement, plaintiff must show that "the alleged inducer (1) **knew** of the patent, (2) **knowingly** induced the infringing acts, and (3) possessed **a specific intent** to encourage another's

infringement of the patent." *Vita–Mix Corp. v. Basic Holding, Inc.,* 581 F.3d 1317, 1328 (Fed. Cir. 2009) (citing *DSU Med. Corp. v. JMS Co.,* 471 F.3d 1293, 1304 (Fed. Cir. 2006) (emphasis added).

Here, as previously mentioned, the FAC generally alleges that "Defendant TetraMem has induced its Customers to have infringed . . . by using the devices which infringes the claim 29 of 'RE259 patent" and the "[c]ustomers of the Defendant uses the function of reading and writing data and information which contains the circuit and logic reading the claim 29 of the 'RE259 patent. Dkt. No. 15, ¶¶ 11, 12.  It is wholly unfair for TetraMem to try and intuit what is being alleged against it. Simply put, the FAC alleges no facts from which it could be plausibly inferred that any of the three required knowledge (cited above) elements are met.  *Commil USA, LLC*, 575 U.S. at 639.

For these above-mentioned reasons, Plaintiff has not pleaded induced infringement because the FAC is devoid of facts that TetraMem had knowledge of the three required knowledge elements, including (1) knowledge of the asserted patent, (2) the specific intent to induce infringement, and (3) when TetraMem performed the act allegedly causing inducement.  Therefore, Plaintiff's FAC should be dismissed.

### C. Plaintiff Fails to Plead Contributory Infringement

With respect to Plaintiff's contributory infringement claim against TetraMem, Plaintiff's FAC contains the same deficiencies as discussed in the prior sections and in the first Motion to Dismiss.  It is also conclusory and devoid of supporting facts.  Again, Plaintiff failed to provide sufficient facts showing that TetraMem had the knowledge of the 'RE259 patent or knowledge of the alleged 'RE259 patent infringement.

Further, as discussed above, like induced infringement, contributory infringement is predicated on the existence of direct infringement. *See Dynacore Holdings*, 363 F.3d at 1272.  As such, the contributory infringement claim should be dismissed as the FAC has not pled direct infringement under 35 U.S.C. § 271(a).

That being said, the FAC also fails to meet its obligation to plead indirect infringement under 35 U.S.C. § 271(c).  To establish contributory infringement claims of a patent, plaintiff must establish four elements: (1) defendant sold a component or material for use in practicing the patented process;

(2) the component or material constitutes a material part of the invention; (3) defendant **knew** that the item it sold was especially made or adapted for use in infringing the patented method; and (4) the item sold is not a staple article or commodity of commerce suitable for substantial noninfringing use. 35 U.S.C. § 271(c); *Sandisk Corp. v. Lexar Media, Inc.,* 91 F. Supp. 2d 1327, 1331 (N.D. Cal. 2000).

The only possible statement in the FAC that might relate to contributory infringement claim is the following conclusory statement: "[t]he using of function of reading and writing data and information in accused devices are completely not a staple article or commodity of commerce suitable for substantial non-infringing use." Dkt. No. 15, ¶ 11. However, nothing in Plaintiff's FAC pertains to the elements required to prove a contributory cause of action. In particular, the FAC failed to provide sufficient facts showing that TetraMem had the knowledge of the 'RE259 patent or the alleged infringing nature of its acts.

As such, Plaintiff's contributory infringement claim should be dismissed as well since the allegations of the FAC do not raise a plausible inference of contributory infringement. *See Artrip v. Ball Corp.,* 735 F. App'x 708, 713 (Fed. Cir. 2018) (holding contributory infringement claim was insufficiently pled where the complaint "did not plausibly assert facts to suggest that [defendant] was aware of the patents or facts to suggest that the aluminum it supplied had no substantial noninfringing use"); *see also Addiction and Detoxification Inst. L.L.C. v. Carpenter,* 620 F. App'x 934, 937-38 (Fed. Cir. 2015).

V.  **CONCLUSION**

For the foregoing reasons, TetraMem respectfully requests that the Court dismiss the FAC against TetraMem in its entirety pursuant to Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

Dated: December 4, 2023            By: */s/ James Hannah*
Paul J. Andre (Bar No. 196585)
Lisa Kobialka (Bar No. 191404)
James Hannah (Bar No. 237978)
Violaine Brunet (Bar No. 305609)
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
vbrunet@kramerlevin.com

*Attorneys for Defendant*
TetraMem Inc.


```
 1  PAUL J. ANDRE (Bar No. 196585)
    LISA KOBIALKA (Bar No. 191404)
 2  JAMES HANNAH (Bar No. 237978)
    VIOLAINE BRUNET (Bar No. 305609)
 3  KRAMER LEVIN NAFTALIS & FRANKEL LLP
    333 Twin Dolphin Drive, Suite 700
 4  Redwood Shores, CA 94065
    Telephone: (650) 752-1700
 5  Facsimile: (650) 752-1800
    pandre@kramerlevin.com
 6  lkobialka@kramerlevin.com
 7  jhannah@kramerlevin.com
    vbrunet@kramerkevin.com
 8
 9  Attorneys for Defendant
    TetraMem Inc.
10
```

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| XIAOHUA HUANG<br><br>   Plaintiff,<br>v.<br><br>TETRAMEM INC.,<br><br>   Defendant. | Case No. 5:23-cv-04936-SVK<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT TETRAMEM INC.'S MOTION TO DISMISS PLAINTIFF XIAOHUA HUANG'S FIRST AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)**<br><br>Date:    TBD<br>Time:    10:00 a.m.<br>Ctrm.:   6, 4th Floor<br>Before:  Hon. Susan van Keulen |

The Court having read and considered Defendant TetraMem's Motion to Dismiss and all papers filed in support of its motion, any opposition by Plaintiff, and all arguments and documents in this case before the Court, orders as follows:

It is hereby ORDERED that Plaintiff's First Amended Complaint for Patent Infringement against Defendant TetraMem is hereby dismissed with prejudice.

**SO ORDERED** this ___ day of _____, 2023.

> _____
> Hon. Susan van Keulen
> United States Magistrate Judge