1  PAUL J. ANDRE (Bar No. 196585)
   LISA KOBIALKA (Bar No. 191404)
2  JAMES HANNAH (Bar No. 237978)
   VIOLAINE BRUNET (Bar No. 305609)
3  KRAMER LEVIN NAFTALIS & FRANKEL LLP
4  333 Twin Dolphin Drive, Suite 700
   Redwood Shores, CA 94065
5  Telephone: (650) 752-1700
   Facsimile: (650) 752-1800
6  pandre@kramerlevin.com
7  lkobialka@kramerlevin.com
   jhannah@kramerlevin.com
8  vbrunet@kramerlevin.com

9  Attorneys for Defendant
   TetraMem Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| XIAOHUA HUANG<br><br>   Plaintiff,<br><br> v.<br><br>TETRAMEM INC.,<br><br>   Defendant. | Case No. 5:23-cv-04936-SVK<br><br>**DEFENDANT TETRAMEM INC.'S OPPOSITION TO PLAINTIFF XIAOHUA HUANG'S ADMINISTRATIVE MOTION** |

## I. INTRODUCTION

Plaintiff Xiaohua Huang's ("Plaintiff") Administrative Motion filed on December 27, 2023 (the "Motion") should be denied for *at least* these three (3) following reasons. Dkt. Nos. 29, 29-1 to 29-8. *First*, an Administrative Motion is not the proper vehicle to seek to file a Second Amended Complaint. *Second*, to the extent Plaintiff's "Revised First Amended Complaint" or "Second Amended Complaint" (or "SAC") is considered without a proper motion, it does not address any deficiencies identified and raised in TetraMem's Motion to Dismiss. Dkt. No. 28. *Third*, to the extent Plaintiff's Motion is considered a Motion for Leave, it should be denied because it does not address any of the factors requires for such a motion. As such, Plaintiff's Motion should be denied.

## II. ARGUMENT

### 1. Plaintiff's Administrative Motion Should Be Denied Because It Violates the Rules

Plaintiff's Motion should be denied because it is not a proper Administrative Motion. Local Rule 7-11 states that "a party may require a Court order with respect to **miscellaneous administrative matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing order** of the assigned Judge." Civil L.R. 7-11 (emphasis added). The examples provided in the local rules are the following: (1) Administrative Motion to Consider Whether Cases Should Be Related, pursuant to L.R. 3-12(b); (2) Administrative Motion to File under Seal, pursuant to L.R. 79-5; and (3) Administrative Motion to Proceed in Forma Pauperis, in accordance with L.R. 3-10.

Here, Plaintiff's Motion is not a proper Administrative Motion because the relief Plaintiff seeks is governed by the Federal Rules and Local Rules. Fed. R. Civ. P. 15(a)(2) requires a formal motion to be filed to the extent a Plaintiff wishes to file a Second Amended Complaint. Formal motions in this District are governed pursuant to Civil L.R. 7-1. In filing such a motion, the Plaintiff must address the requisite factors for granting a motion to file a second amended complaint. *InfoGation Corp. v. Google LLC*, No. 21-cv-00843-H-LL, 2021 WL 4311009, at *3 (S.D. Cal. Sept. 21, 2021).

Thus, Plaintiff's Motion should be denied outright because it fails to comply with the Federal Rules and the local rules governing motion practice before this Court.

To the extent Plaintiff filed its Motion as a response to TetraMem's Motion to Dismiss, it should be denied because an Administrative Motion is not a proper response. *See* Judge Karen L. Stevenson, James E. Fitzgerald, Rutter Group Practice Guide: Federal Civil Procedure Before Trial § 9:252 (Nat'l ed. 2023) ("In response to a motion to dismiss, plaintiff has four options: file opposition papers; file a statement of non-opposition; amend the complaint pursuant to FRCP 15(a); or dismiss the action."). Because Plaintiff has already amended his complaint once as a matter of course, Plaintiff was required to respond to TetraMem's Motion to Dismiss with a statement of non-opposition or opposition papers. As such, Plaintiff has failed to provide a sufficient response to TetraMem's Motion to Dismiss.

**2. Plaintiff's Second Amended Complaint Did Not Cure Any Deficiencies**

**a. Plaintiff's Second Amended Complaint Fails to State a Claim for Direct Patent Infringement**

To the extent the Court considers Plaintiff's Second Amended Complaint without a proper motion, the SAC still fails to allege facts to support a claim for direct patent infringement against TetraMem. Indeed, Plaintiff did not address any deficiencies identified and raised in TetraMem's Motion to Dismiss (Dkt. No. 28).

In his First Amended Complaint (the "FAC"), Plaintiff failed to provide notice of which TetraMem's products were at issue and why any of its ReRAM IP and chips would be *at issue* in this case, as there are no allegations of how these products meet each element of any claim of the asserted patent. Dkt. No. 15 at ¶ 7. As an example, Plaintiff's purported "claim chart" and allegations in the FAC failed to include any connection between any specific feature of the accused product(s) to the claim language.

As part of the allegations of the SAC, Plaintiff includes an almost identical "claim chart" which *still* does not provide any support of Plaintiff's alleged patent infringement claims. He alleges therein that the accused products are **"[a]ll RRAM IP which TetraMem has developed and offered to sell, including at least TetraMem's RRAM in 90mm, 40nm, 28nm and 22nm to 5nm process. All RRAM IP of TetraMem have the read circuit shown in Figure 3**." SAC at 5 (emphasis added). Although Plaintiff claims that *all* of TetraMem's "RRAM IP" infringe claim 29 of the '259 patent (such allegation remains broad and vague), the "claim chart" *still* fails to explain or show how or why each element of

2

RRAM IP products meets each element of claim 29 of the 'RE259 patent. *Golden v. Intel Corp.*, No. 2023-1257, 2023 WL 3262948, at *2 (Fed. Cir. May 5, 2023) (citation omitted) (affirming dismissal of *pro se* complaint for failure to state a claim for patent infringement under Rule 12(b)(6) of Fed. R. Civ. P.; "a plaintiff cannot assert a plausible claim for infringement . . . by reciting the claim elements and merely concluding that the accused product has those elements.").

Specifically, Plaintiff, who relies primarily on Figure 3, fails to show that the accused products meet the limitations of claim 29. The "claim chart" merely describes claim 29 and alleged features of the accused products without tying them to the claim language. The left column includes quotes of claim 29 of the '259 patent whereas the right column contains (1) quotes of "Figure 3" related to the alleged "read circuit of RRAM of TetraMem" (whose source or provenance remains unidentified) and (2) conclusory allegations (e.g., "[t]his section claim read the RRAM of TetraMem in Figure 3, voltage of node Vx is set to voltage $V_0$"); "[t]his claim section exact read the circuit in Figure 3 which is the accused TetraMem's RRAM read circuit."). As a result, Plaintiff does not plausibly allege that the accused products include the required elements of claim 29. Dkt. No. 29-1 at 4-6; Dkt. No. 29-6, Ex. X1. The SAC does not "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Further, Plaintiff attaches to the SAC similar irrelevant Exhibits to which he refers in order to support his patent infringement claims. Dkt. Nos. 29-6 and 15-2 (slight differences); *see also* Dkt. Nos. 29-2 and 15-1 (Ex. 1, "Plaintiff's knowledge and effort to discussion prior to file complaint,"); Dkt. Nos. 29-3 and 15-3 (Ex. 2, "[t]he RRAM of TetraMem was published on the nature magazine one picture was cited by Exhibit X1."); Dkt. No. 29-4 (Ex. 3, "The successful example of TetraMem selling its accused RRAM") and Dkt. No. 15-1 (both of which include an article entitled "Synopsys and TetraMem, Accelerating Development of a Novel Analog In-Memory Compute AI Accelerator SoC Using Synopsys Cloud").

As an example (and as stated in TetraMem's Motion to Dismiss), Plaintiff's Exhibit X1 entitled "Plaintiff's infringement analysis prior to file complaint" does nothing to support his claims. It includes

3

the (1) alleged "claim chart," (2) conclusory statements (such as "[b]ased on the information in Exhibit 1 and public information TetraMem has developed the multi-level resistance state resistor storage element and designed embedded RRAM IP offering to sell, TetraMem's RRAM has read the claim 29 of US patent RE45259;"), and Figures (including Figure 3) which do not provide any explanation as to how or why the accused products meet the limitations of claim 29. Dkt. Nos. 29-2 and 29-6; *PageMelding, Inc. v. ESPN, Inc.*, No. C 11-06263 WHA, 2012 WL 851574, at *2 (N.D. Cal. Mar. 13, 2012) (granting defendant's motion to dismiss plaintiff's claim for direct infringement and stating that allegations of direct infringement "without explanation as to the *how* or *why* these products infringe[] do[] not lead to any inference that plaintiff may be entitled to relief.").

For the above reasons, Plaintiff fails to state a claim for direct infringement that is plausible on its face, and as such, his claims should be dismissed.

### b. Plaintiff's Second Amended Complaint Fails to State a Claim for Induced and Contributory Patent Infringement.

Plaintiff's SAC fails to state a claim for induced and contributory patent infringement for the same reasons discussed in TetraMem's Motion to Dismiss. The FAC and SAC contain the same allegations. Dkt. No. 29-1 at ¶¶10-12; Dkt. No. 15 ¶¶ 10-12. Therefore, the same defects remain in the SAC.

### 3. Any Amendments Would Be Futile and Prejudice TetraMem

To the extent the Court considers Plaintiff's Motion as a Motion for Leave to File a Second Amended Complaint, Plaintiff's Motion should be denied as any amendments would be futile. "Five factors are taken into account to assess the propriety of a Motion for Leave to Amend: bad faith, undue delay, **prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint**." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (emphasis added) (citation omitted). And, "[f]utility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).

Here, Plaintiff has shown twice that he will not address any deficiencies since the SAC contains the same deficient allegations as in the original Complaint and FAC. Dkt. Nos. 15 and 29-1. Plaintiff

4

DEFENDANT TETRAMEM INC.'S OPPOSITION
TO PLAINTIFF'S ADMINISTRATIVE MOTION

Case No. 5:23-cv-04936-SVK

makes conclusory statements without any factual support, and fails to properly allege any of the required elements of patent infringement. Based on Plaintiff's repeated failures to remedy these deficiencies, any amendments would be futile, and denying Plaintiff's Motion on this basis is therefore warranted. *CTD Networks LLC v. Microsoft Corp.*, No. W-22-CV-01049-XR, 2023 WL 5417141, at *10 (W.D. Tex. Aug. 22, 2023) (denying plaintiff's request for leave to file a further amended complaint because "Plaintiff's bare request for leave to amend in its response to Defendant's motion to dismiss does not offer any explanation as to how its amendment would cure any deficiencies in its pleading . . . Moreover, given Plaintiff's previous failure to amend its complaint in accordance with the Court's instructions, granting further leave to amend would likely be futile."). Finally, although Plaintiff is a pro se party, his deficient complaints continue to prejudice to TetraMem which has incurred substantial costs and fees to defend itself against baseless claims.

## III. CONCLUSION

For the foregoing reasons, TetraMem respectfully requests that the Court deny Plaintiff's Motion.

Respectfully submitted,

Dated: January 2, 2024

By: */s/ James Hannah*
Paul J. Andre (Bar No. 196585)
Lisa Kobialka (Bar No. 191404)
James Hannah (Bar No. 237978)
Violaine Brunet (Bar No. 305609)
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
vbrunet@kramerlevin.com

*Attorneys for Defendant*
TetraMem Inc.