| | |
|---|---|
| 1 | PAUL J. ANDRE (Bar No. 196585) |
| 2 | LISA KOBIALKA (Bar No. 191404) |
|   | JAMES HANNAH (Bar No. 237978) |
| 3 | VIOLAINE BRUNET (Bar No. 305609) |
|   | KRAMER LEVIN NAFTALIS & FRANKEL LLP |
| 4 | 333 Twin Dolphin Drive, Suite 700 |
|   | Redwood Shores, CA 94065 |
| 5 | Telephone: (650) 752-1700 |
|   | Facsimile: (650) 752-1800 |
| 6 | pandre@kramerlevin.com |
| 7 | lkobialka@kramerlevin.com |
|   | jhannah@kramerlevin.com |
| 8 | vbrunet@kramerlevin.com |

Attorneys for Defendant
TetraMem Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| XIAOHUA HUANG, | Case No. 5:23-cv-04936-SVK |
| Plaintiff, | **DEFENDANT TETRAMEM INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF XIAOHUA HUANG'S FIRST AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)** |
| v. | |
| TETRAMEM INC., | |
| Defendant. | Date: February 6, 2024<br>Time: 10:00 a.m.<br>Ctrm.: 6, 4th Floor<br>Before: Hon. Susan van Keulen |

I.  **INTRODUCTION**

TetraMem Inc. ("TetraMem") respectfully submits this Reply in Support of TetraMem's Motion to Dismiss Plaintiff Xiaohua Huang's First Amended Complaint, pursuant to Rule 12(b)(6) of Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Dkt. No. 28.

As explained below, the Court should grant TetraMem's Motion to Dismiss Plaintiff Xiaohua Huang's First Amended Complaint ("TetraMem's Motion to Dismiss") as Plaintiff fails to plausibly state a claim for direct, induced and contributory patent infringement, and any amendment would be futile and prejudice TetraMem. As such, Plaintiff's claims against TetraMem should be dismissed with prejudice.

### A. TetraMem's Motion to Dismiss Should Be Granted as Plaintiff Failed to Respond to the Arguments Raised in TetraMem's Motion to Dismiss, and as a Result, Abandoned His Claims

On December 19, 2023, TetraMem filed a Motion to Dismiss Plaintiff's First Amended Complaint ("TetraMem's Motion to Dismiss"). Dkt. No. 28. However, Plaintiff Xiaohua Huang ("Plaintiff") failed to file a statement of non-opposition or opposition papers, which is required under the local rules and Federal Rules of Civil Procedure. Instead, he filed a Motion for Leave to File Second Amended Complaint. *See* Judge Karen L. Stevenson, James E. Fitzgerald, Rutter Group Practice Guide: Federal Civil Procedure Before Trial § 9:252 (Nat'l ed. 2023) ("In response to a motion to dismiss, plaintiff has four options: file opposition papers; file a statement of non-opposition; amend the complaint pursuant to FRCP 15(a); or dismiss the action."). As such, TetraMem's Motion to Dismiss is unopposed given Plaintiff's failure to address any issues or deficiencies raised in TetraMem's Motion to Dismiss.

Specifically, a motion for leave to amend has been held <u>not</u> to be a response to a motion to dismiss, and as such, Plaintiff forfeited his objections by failing to respond to TetraMem's Motion to Dismiss. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011) (concluding that "[a]s to the defendants' motion to dismiss the complaint, [plaintiff] waived his right to contest the dismissal by failing to oppose the motions" (citation omitted); indeed, plaintiff failed to oppose defendants'

1

motions to dismiss. Instead, plaintiff sought leave to amend his complaint); *see also* Judge Karen L. Stevenson, James E. Fitzgerald, Rutter Group Practice Guide: Federal Civil Procedure Before Trial § 9:264 (Nat'l ed. 2023) (citing *Alioto*, 651 F.3d at 721, for the same proposition); *Kenner v. Kelly*, No. 11-cv-1538 DMS (WVG), 2018 WL 1726440, at *5 n.3 (S.D. Cal. Apr. 10, 2018) ("The motion is unopposed. Accordingly, the Court therefore grants the [defendant]s' motion."); *Qureshi v. Countrywide Home Loans, Inc.*, No. C 09-4198 SBA, 2010 WL 841669, at *6 n.2 (N.D. Cal. Mar. 10, 2010) (construing plaintiff's failure to address issues with his claims "as an abandonment of those claims . . . . Therefore, Plaintiff's TILA claim is dismissed without leave to amend as to those particular allegations.").

Based on Plaintiff's failure to file a proper response, TetraMem's Motion to Dismiss should be granted.

### B. TetraMem's Motion to Dismiss Should Be Granted Without Leave to Amend as Any Amendment Would Be Futile and Prejudice TetraMem

By attempting to file a Second Amended Complaint, Plaintiff has shown that any further amendment would be futile. Indeed, "[f]ive factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, **prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint**." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (emphasis added) (citation omitted). And, "[f]utility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) (citation omitted).

    1. **Plaintiff's First Amended Complaint and Second Amended Complaint did not cure any deficiencies.**

      a) **Plaintiff's First Amended Complaint and Second Amended Complaint fail to state a claim for direct patent infringement.**

Here, Plaintiff has shown twice that he will not address any deficiencies since the Second Amended Complaint (Dkt. No. 19-1, "SAC") contains the same deficient allegations as in the original Complaint and First Amended Complaint (Dkt. No. 15, "FAC"). In both the FAC and SAC, Plaintiff
2

DEFENDANT TETRAMEM INC.'S REPLY
IN SUPPORT OF MOTION TO DISMISS

Case No. 5:23-cv-04936-SVK

makes conclusory statements without any factual support, and fails to properly allege any of the required elements of patent infringement.

In his FAC, Plaintiff failed to provide notice of which TetraMem's products were at issue and why any of its ReRAM IP and chips would be *at issue* in this case, as there are no allegations of how these products meet each element of any claim of the asserted patent. Dkt. No. 15 at ¶ 7. As an example, Plaintiff's purported "claim chart" and allegations in the FAC failed to include any connection between any specific feature of the accused product(s) to the claim language. Dkt. No. 15; Dkt. No. 15-2, Ex. X1 at 6-7.

As part of the allegations of the SAC, Plaintiff includes an almost identical "claim chart" which *still* does not provide any support of Plaintiff's alleged patent infringement claims. He alleges therein that the accused products are **"[a]ll** RRAM IP which TetraMem has developed and offered to sell, including at least TetraMem's RRAM in 90mm, 40nm, 28nm and 22nm to 5nm process. **All RRAM IP of TetraMem have the read circuit shown in Figure 3**." Dkt. No. 29-1 at 5 (emphasis added). Although Plaintiff claims that ***all*** of TetraMem's "RRAM IP" infringe claim 29 of the '259 patent (such allegation remains broad and vague), the "claim chart" *still* fails to explain or show how or why each element of RRAM IP products meets each element of claim 29 of the 'RE259 patent. *Golden v. Intel Corp.*, No. 2023-1257, 2023 WL 3262948, at *2 (Fed. Cir. May 5, 2023) (affirming dismissal of *pro se* complaint for failure to state a claim for patent infringement under Rule 12(b)(6) of Fed. R. Civ. P.; "a plaintiff cannot assert a plausible claim for infringement . . . by reciting the claim elements and merely concluding that the accused product has those elements.") (citation omitted).

Specifically, Plaintiff, who relies primarily on Figure 3, fails to show that the accused products meet the limitations of claim 29. The "claim chart" merely describes claim 29 and alleged features of the accused products without tying them to the claim language. Dkt. No. 29-1 at 5-6. The left column includes quotes of claim 29 of the '259 patent whereas the right column contains (1) quotes of "Figure 3" related to the alleged "read circuit of RRAM of TetraMem" (whose source or provenance remains unidentified) and (2) conclusory allegations (e.g., "[t]his section claim read the

3

RRAM of TetraMem in Figure 3, voltage of node Vx is set to voltage $V_0$"; "[t]his claim section exact read the circuit in Figure 3 which is the accused TetraMem's RRAM read circuit."). *Id.* As a result, Plaintiff does not plausibly allege that the accused products include the required elements of claim 29. Dkt. No. 29-1 at 4-6; Dkt. No. 29-6, Ex. X1. The SAC does not "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Further, Plaintiff attaches to the SAC similar irrelevant Exhibits to which he refers in order to support his patent infringement claims. Dkt. Nos. 29-6 and 15-2 (slight differences); *see also* Dkt. Nos. 29-2 and 15-1 (Ex. 1, "Plaintiff's knowledge and effort to discussion prior to file complaint,"); Dkt. Nos. 29-3 and 15-3 (Ex. 2, "[t]he RRAM of TetraMem was published on the nature magazine one picture was cited by Exhibit X1."); Dkt. Nos. 29-4 (Ex. 3, "[t]he successful example of TetraMem selling its accused RRAM") and 15-1 (both of which include an article entitled "Synopsys and TetraMem, Accelerating Development of a Novel Analog In-Memory Compute AI Accelerator SoC Using Synopsys Cloud").

As an example (and as stated in TetraMem's Motion to Dismiss), Plaintiff's Exhibit X1 entitled "Plaintiff's infringement analysis prior to file complaint" does nothing to support his claims. Dkt. No. 29-6. It includes the (1) alleged "claim chart," (2) conclusory statements (such as "[b]ased on the information in Exhibit 1 and public information TetraMem has developed the multi-level resistance state resistor storage element and designed embedded RRAM IP offering to sell, TetraMem's RRAM has read the claim 29 of US patent RE45259"), and Figures (including Figure 3) which do not provide any explanation as to how or why the accused products meet the limitations of claim 29. Dkt. No. 29-6; *PageMelding, Inc. v. ESPN, Inc*., No. C 11-06263 WHA, 2012 WL 851574, at *2 (N.D. Cal. Mar. 13, 2012) (granting defendant's motion to dismiss plaintiff's claim for direct infringement and stating that allegations of direct infringement "without explanation as to the *how* or *why* these products infringe[] do[] not lead to any inference that plaintiff may be entitled to relief.").

4

### b) Plaintiff's First Amended Complaint and Second Amended Complaint fail to state a claim for induced and contributory patent infringement.

Plaintiff's FAC and SAC fail to state a claim for induced and contributory patent infringement for the same reasons discussed in TetraMem's Motion to Dismiss. The FAC and SAC contain the same allegations. Dkt. No. 29-1 at ¶¶ 10- 12; Dkt. No. 15 ¶¶ 10-12. Therefore, the same defects remain in the SAC.

### 2. Any further amendment would be futile and prejudice TetraMem.

Based on Plaintiff's repeated failures to remedy these deficiencies, any amendments would be futile, and denying Plaintiff's Motion on this sole basis is therefore warranted. *CTD Networks LLC v. Microsoft Corp.*, No. W-22-cv-01049-XR, 2023 WL 5417141, at *10 (W.D. Tex. Aug. 22, 2023) (denying plaintiff's request for leave to file a further amended complaint because "[p]laintiff's bare request for leave to amend in its response to [d]efendant's motion to dismiss does not offer any explanation as to how its amendment would cure any deficiencies in its pleading . . . . Moreover, given [p]laintiff's previous failure to amend its complaint in accordance with the Court's instructions, granting further leave to amend would likely be futile."). Also, although Plaintiff is a *pro se* party, his deficient complaints continue to prejudice to TetraMem which has incurred substantial costs and fees to defend itself against baseless claims.

Further, in a similar case, *Johnson v. Meta Platforms, Inc.*, No. 22-cv-05691-BLF, 2023 WL 5021784, at *1, *6-7 (N.D. Cal. Aug. 4, 2023), the Court found that the claims raised in the *pro se* plaintiff's FAC against Meta were subject to dismissal, granted defendant's motion to dismiss without leave to amend based solely on the futility factor, and dismissed the action with prejudice[1]. In particular, the Court held that nothing in the record suggested that the four factors were present: "(1) undue delay, (2) bad faith or dilatory move, (3) repeated failure to cure deficiencies by amendment,

---

[1] In *Johnson*, the Court failed to consider that plaintiff's failure to file an opposition as an abandonment of her claims. The Court "declines to find that Johnson's failure to file opposition to the motion to dismiss constitutes consent to dismissal or abandonment of her claims. The Court finds it appropriate to evaluate Meta's motion to dismiss on the merits to determine whether Meta has shown that Johnson's claims are inadequately pled under Rule 12(b)(6) standards." *Id*. at *3.

5

DEFENDANT TETRAMEM INC.'S REPLY
IN SUPPORT OF MOTION TO DISMISS

Case No. 5:23-cv-04936-SVK

[and] (4) undue prejudice to the opposing party." *Id.* at *6. "However, amendment would be futile (fifth factor). The defects identified above go to the core of Johnson's claims against Meta. Johnson **has not provided the Court with any basis to believe that she could amend her pleading. . . . Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal**." *Id.* (emphasis added) (quoting *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018)). As shown above in Section 2, any amendments would be futile.

Finally, as mentioned in Tetra's Motion to Dismiss, Plaintiff filed a number of meritless patent infringement over the years, which showed his inability to follow the local rules and Federal Rules of Civil Procedure, and have resulted in dismissals and/or sanctions. *See Xiaohua Huang v. Huawei Techs. Co.*, 735 F. App'x 715, 722 (Fed. Cir. 2018) (affirming the district court's rulings including its grant of sanctions, attorneys' fees and expert costs, under Section 285 finding that the "record reflects that Mr. Huang presented no evidence to support his litigation position and that Mr. Huang litigated the case in a frivolous manner. Mr. Huang submitted no evidence of pre-suit investigation and no evidence of infringement. Huawei submitted evidence that Mr. Huang's intent from the outset of the litigation was to force Huawei to incur legal fees in hopes that it would quickly settle" and that "the district court found that Mr. Huang's litigation behavior constituted bad faith and an abuse of the judicial process."); *Huang v. Nephos Inc.*, No. C 18-06654 WHA, 2019 WL 5892988, at *2, *4-5 (N.D. Cal. Nov. 12, 2019), *aff'd sub nom.*, *Huang v. MediaTek USA, Inc.*, 815 F. App'x 521 (Fed. Cir. 2020) (granting motion to strike Mr. Huang's infringement contentions and dismiss action with prejudice noting that Mr. Huang repeatedly failed to comply with the local rules and observing Mr. Huang's "'troubling' litigation history, both in this case and in prior cases").

As such, TetraMem's Motion to Dismiss should be granted without leave to amend and with prejudice.

## II. CONCLUSION

For the foregoing reasons, TetraMem respectfully requests that the Court grants TetraMem's Motion to Dismiss without leave to amend and with prejudice.

|   |   |
|---|---|
| Dated: January 9, 2024 | Respectfully submitted,<br><br>By: */s/ James Hannah*<br>Paul J. Andre (Bar No. 196585)<br>Lisa Kobialka (Bar No. 191404)<br>James Hannah (Bar No. 237978)<br>Violaine Brunet (Bar No. 305609)<br>KRAMER LEVIN NAFTALIS<br>& FRANKEL LLP<br>333 Twin Dolphin Drive, Suite 700<br>Redwood Shores, CA 94065<br>Telephone: (650) 752-1700<br>Facsimile: (650) 752-1800<br>pandre@kramerlevin.com<br>lkobialka@kramerlevin.com<br>jhannah@kramerlevin.com<br>vbrunet@kramerlevin.com<br><br>*Attorneys for Defendant*<br>TetraMem Inc. |